UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDELITY LIFE                                       CASE NO. 16-CV-12618
ASSOCIATION,                                      HON. GEORGE CARAM STEEH

       Plaintiff,

v.

LOGAN AMSTUTZ and PAUL
KOLOSCI, as personal
representative for the Estate
of Janet L. Amstutz,

       Defendants.

_____/

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR INTERPLEADER, DISMISSAL,
AND ATTORNEYS' FEES AND COSTS (Doc. 16)

      This interpleader action arises out of a dispute between a named beneficiary of a life insurance policy, defendant Logan Amstutz, and the estate of the insured, over who is entitled to death benefits where Logan Amstutz killed the insured, but was found not guilty by reason of insanity. Now before the court is plaintiff Fidelity Life Association's motion for interpleader, dismissal, and attorneys' fees and costs. (Doc. 16). Defendants Logan Amstutz and Paul Kolosci, personal representative of the Estate of Janet Amstutz (the "Estate"), have

responded to the motion and both agree to interpleader and dismissal of plaintiff, upon the deposit of funds into the Registry of the Court, but object to an award of attorneys' fees. Because plaintiff is an insurance company operating in the ordinary course of business, the court shall exercise its equitable discretion to deny attorneys' fees for the policy reasons set forth below.

## I. Factual and Procedural Background

On February 15, 2013, Janet Amstutz purchased a $500,000 accidental death policy in Indiana where she resided at the time, naming her two nephews, Garret Amstutz and Logan Amstutz, as beneficiaries, each to receive an equal share of the proceeds upon her death. Both nephews reside in Michigan. On November 23, 2014, Logan stabbed and killed Janet Amstutz, who was also living in Michigan at the time. Plaintiff paid Garrett Amstutz his $250,000 share, but did not pay the other nephew who was the killer. Logan Amstutz was tried for first degree murder, but was found not guilty by reason of insanity. Plaintiff did not pay death benefits to Logan Amstutz because Indiana has a "slayer statute," which prohibits a named beneficiary from recovering death benefits when he kills the insured decedent, even where he is guilty, but mentally ill. Ind. Code Ann. § 29-1-2-12.1.

Under Michigan law, however, the issue of whether a person who kills an insured, but is found not guilty by reason of insanity, may recover benefits is unclear, as the statute provides that the murderer must have acted "feloniously and intentionally." Mich. Comp. Laws § 700.2803(1). Although no Michigan court has squarely addressed the issue, the plain language of the statute suggests that where a killer is found not guilty by reason of insanity, he may still recover death benefits. To determine whether Logan Amstutz or the Estate should recover the remaining policy proceeds, the court must first decide whether Indiana or Michigan law applies. The Estate has filed a claim for benefits that were designated for Logan Amstutz based on the claim that he is ineligible to receive benefits because he killed the insured.

On March 23, 2016, the Porter County Superior Probate Court in Indiana ("Probate Court") entered an order establishing a constructive trust for the purpose of receiving all assets that Logan Amstutz might receive as a result of Janet Amstutz's death. On June 16, 2016, Janet Amstutz's estate filed a verified petition for turnover, seeking to recover from defendant Logan Amstutz's share of the policy proceeds. Plaintiff was not a named party to the Indiana probate matter. On July 13, 2016, plaintiff filed this interpleader action to determine who

is entitled to the remaining insurance proceeds in light of the apparent conflict between Indiana and Michigan law.

Now before the court is plaintiff insurance company's motion for interpleader and its dismissal from this action, as well as an award of attorneys' fees and costs in the amount of $13,970. Plaintiff's counsel relies on her affidavit as to the fees and costs sought, but has not attached an itemized list of the fees billed to her client. Plaintiff's counsel's affidavit states that fees reflect work performed in this interpleader action as well as work done in the Probate Court to set aside two turnover orders. Defendants do not oppose interpleader, the deposit of funds with the court, and the dismissal of plaintiff from this action. Accordingly, an order shall enter forthwith to this effect. Defendants do oppose, however, an award of attorneys' fees.

Logan Amstutz responds that he previously consented to plaintiff's request for $5,968 for reasonable costs and attorneys' fees, but objects to the increase of an additional $8,000 which plaintiff has added since August, 2016, for fees incurred in defending against the Estate's claims in the Probate Court. Logan Amstutz argues that the fees should be limited to those incurred in this interpleader action only.

The Estate, on the other hand, objects to the award of any attorneys' fees on the grounds that plaintiff is an insurance company, and the proceeds have arisen in the ordinary course of its business, and secondly, plaintiff has failed to provide detailed record support for the fees sought.

## II. Analysis

Although not authorized by statute, the Sixth Circuit has recognized that a disinterested stakeholder may recover attorney fees in an interpleader action where the fees sought are reasonable. *Holmes v. Artists Rights Enforcement Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005). An award of attorney fees in an interpleader action is a matter within the district court's discretion. *Id.* An award of attorneys' fees may be granted in equity where the interpleading party is "(1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Id.* at 259. Although plaintiff arguably meets the elements above and falls within the general rule for recovery of attorneys' fees, numerous courts have declined an attorneys' fee award to an insurance company, taking the view that the costs of an interpleader action to resolve competing claims for insurance proceeds is an expense that arises in the ordinary course of business that should not be passed

5

along to the ultimate beneficiary. *See Unum Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792, 794-96 (M.D. Tenn. 2001) (collecting cases denying attorneys' fees to insurance companies in interpleader actions); *Sun Life Assur. Co. of Canada v. Shcindeldecker*, No. 3:15-00543, 2016 WL 699151 at *4 (M.D. Tenn. Jan. 26, 2016) (same).

In *Unum*, the district court outlined three policy reasons for declining to award attorneys' fees to insurance companies in interpleader actions. First, courts have ruled that "insurance companies should not be compensated merely because conflicting claims to proceeds have arisen during the normal course of business." 170 F. Supp. 2d at 794 (citing *Sun Life Assurance Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990)). Second, strictly speaking, insurance companies are not disinterested stakeholders, as interpleader allows them to avoid vexatious litigation and immunizes them from liability under the contested policy. *Id.* Third, some courts have denied an award of attorneys' fees where an insurance company is the plaintiff on the theory that it is unfair to the insured to invade the benefits where an award of fees is disproportional to the insured's ultimate recovery or would sharply decrease available insurance

proceeds. *Id.* at 795-96 (declining to award attorneys' fees where amount sought would consume over 60 percent of the benefits due).

Applying these three justifications for denying attorneys' fees to insurance companies bringing interpleader actions here leads to the conclusion that plaintiff's motion for attorneys' fees should be denied. This is a straightforward interpleader action and arises in the course of plaintiff's ordinary business of paying death benefits. Next, plaintiff profits by bringing this interpleader action as it allows the insurance company to avoid further litigating this matter in Probate Court, and allows plaintiff to avoid paying proceeds to the wrong beneficiary and being subjected to subsequent litigation. The third consideration is not so relevant here as the fees sought in the amount of $13,970 do not significantly invade the $250,000 benefits at stake.

Nevertheless, the first two theories supporting the denial of attorneys' fees to insurance companies favor disallowing those fees here. In addition, it would not be equitable to require defendants to pay attorneys' fees for plaintiff's work in the Probate Court as those fees were not incurred in this interpleader action. Having found that principles of equity weigh against awarding attorneys' fees to plaintiff insurance company, the court does not reach defendant Kolosci's

argument that plaintiff failed to adequately document attorneys' fees sought. For the reasons set forth above,

**IT IS ORDERED** that plaintiff's motion for interpleader, dismissal, and attorneys' fees and costs (Doc. 16) is **GRANTED IN PART** and **DENIED IN PART** as set forth below:

**IT IS FURTHER ORDERED** that defendant Fidelity Life Association is permitted to interplead the policy proceeds at issue, and shall deposit the remaining accidental death insurance benefits in the amount of $250,000, plus any applicable interest, into the Court's Registry in accordance with Local Rule 67.1.

**IT IS FURTHER ORDERED** that the Clerk accept for deposit into the Registry of the Court the deposit to be made by plaintiff Fidelity Life Association in the amount of $250,000, plus any applicable interest, and the Clerk shall promptly invest those funds into an interest bearing account in accordance with Local Rule 67.1.

**IT IS FURTHER ORDERED** that plaintiff Fidelity Life Association is **DISMISSED WITH PREJUDICE** upon fulfillment of this court's orders, and plaintiff is fully relieved of and discharged from any and all liability with respect to payment of

the proceeds of the accidental death insurance policy on the life of Janet L. Amstutz (policy no. 0100461011);

**IT IS FURTHER ORDERED** that the Clerk may deduct from the account any fee authorized by the Judicial Conference of the United States;

**IT IS FURTHER ORDERED** that defendants Logan Amstutz and Paul D. Kolosci, as personal representative for the Estate of Janet L. Amstutz, are permanently enjoined from commencing any other actions or proceedings seeking payment of the policy proceeds at issue or otherwise related to the accidental death insurance policy (policy no. 0100461011).

**IT IS FURTHER ORDERED** that defendant's motion for attorneys' fees is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 22, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 22, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk