IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| Fidelity Life Association, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:16-cv-12618-GCS-RSW |
| | * | |
| Logan Amstutz; and Paul D. Kolosci, | * | |
| as personal representative for the | * | |
| Estate of Janet L. Amstutz, | * | |
| | * | |
| Defendants. | * | |

---

**ORDER GRANTING CONSENT MOTION FOR JUDGMENT OF DISMISSAL, CREATION OF SUPPLEMENTAL NEEDS TRUST, AND FOR DISBURSEMENT OF REGISTRY FUNDS**

---

**THIS MATTER** comes before the Court upon the Consent Motion for Judgment of Dismissal, Creation of Supplemental Needs Trust, and for Reimbursement of Registry Funds of Defendants Logan Amstutz and Paul D. Kolosci, as personal representative for the Estate of Janet L. Amstutz. Understanding that, after negotiations, the parties have reached an agreement as to the disbursement of the benefits payable under the accidental death insurance policy issued on the life of Janet L. Amstutz (Policy No. 0100461011), the Court hereby orders the following:

**IT IS ORDERED** that Plaintiff Fidelity Life Association is permitted to retain exactly Two Thousand Five Hundred Dollars ($2,500) of the death benefits, plus interest, due pursuant to the accidental death insurance policy as reimbursement for attorneys' fees and costs incurred in initiating the present action;

**IT IS FURTHER ORDERED** that Plaintiff Fidelity Life Association shall deposit the remaining benefits due, plus interest, pursuant to the accidental death insurance policy (the "Proceeds"), which proceeds total Two Hundred Sixty Thousand Six Hundred Dollars and Eighty-Five Cents ($260,600.85), into the Court's Registry in accordance with Local Rule 67.1;

**IT IS FURTHER ORDERED** that the Clerk shall accept for deposit into the Court's Registry Plaintiff Fidelity Life Association's payment of the Proceeds and shall promptly invest the same into an interest bearing account in accordance with Local Rule 67.1;

**IT IS FURTHER ORDERED** that the Clerk may deduct from the account any fee authorized by the Judicial Conference of the United States;

**IT IS FURTHER ORDERED** that once the Proceeds have been deposited by Plaintiff Fidelity Life Association, they shall be disbursed to the following persons—as attorneys for the respective parties—as payees, in the following amounts:

1) Timothy C. Krsak (Attorney for Paul D. Kolosci, Estate of Janet Amstutz)
DOUGLAS, KOEPPEN & HURLEY (Payee)
14 Indiana Avenue, Suite 200
Valparaiso, IN 46384

Exactly Two-Thirds (2/3) of the Funds

2) William J. Perry (Attorney for Logan Amstutz)
INTERPLEADER LAW, LLC (Payee)
9015 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810

Exactly One-Third (1/3) of the Funds

**IT IS FURTHER ORDERED** that Defendant Logan Amstutz has irrevocably waived and relinquished any and all rights, title or interest that he may have had in, and to, accounts at Principal Funds, Inc. and Allianz High Five, and that his interest in those accounts are permanently terminated in favor of the Estate of Janet L. Amstutz;

**IT IS FURTHER ORDERED** that a supplemental needs trust is hereby created pursuant to 42 U.S.C. § 1396p(d)(4)(A), and administered by designated trustee Smith Barner, to hold Defendant Logan Amstutz's portion of Proceeds, the terms of which are as follows:

(1) Name. This trust shall be known as the "LOGAN AMSTUTZ SUPPLEMENTAL NEEDS TRUST."

(2) Beneficiary. The beneficiary of this trust shall be Logan Amstutz. Logan Amstutz shall be the sole income beneficiary and sole principal beneficiary of this trust.

(3) Trustee(s). The Initial Trustee of this trust shall be Mr. Smith Barner, (hereinafter referred to as "Trustee"). Should the Initial Trustee be unwilling or unable to act as Trustee for any reason, including, but not limited to, unavailability, incapacity or death, then a Successor Trustee shall be appointed by Interpleader Law, LLC to act as trustee.

The Trustee, or any successor trustee, may resign by delivery via certified mail of thirty (30) days written notice of resignation submitted to the beneficiary or any court ordered guardian.

The successor trustee serving under this trust agreement, whether corporate or individual, shall have all of the title, rights, powers, and privileges granted to the initial Trustees named herein. In addition, the successor trustee shall be subject to all of the restrictions imposed upon, as well as all obligations and duties, both discretionary and ministerial, given to the initial Trustees named herein. No successor trustee is obligated to audit, examine or investigate the accounts, records or administration of any previous Trustee. Nor shall any successor trustee be in any way or manner responsible for any acts or omissions of any prior Trustee.

No trustee shall be required to furnish security for the performance of his/her duties. The Trustee is relieved from liability to the full extent permitted by the Michigan Trust Code and Michigan Law.

(4) Purpose. The intent and purpose of this trust is to maximize the resources available for the beneficiary by providing for those supplemental needs of the beneficiary not provided under federal or state governmental assistance programs without jeopardizing the beneficiary's eligibility or continuing qualifications under such existing or future programs. All actions of the Trustee shall be directed toward carrying out this intent and purpose. Neither the beneficiary nor the beneficiary's legal representative shall be considered to have access to income and/or principal of the trust and shall have no power to revoke this trust and/or to direct the Trustee to make distributions of income and/or principal.

(5) Intent of Trust. This trust is intended to qualify for the Medicaid exclusion under 42 U.S. C. 1396p (d)(4)(A). Also, the beneficiary will benefit from the protection and financial management provided

by this Trust. It is the primary intent of this Trust to provide a system for handling funds, fiscal management, administration and disbursement, respite care, personal attendant services, advocacy, social development services, rehabilitation, care, education, training, and guidance for the sole benefit of the beneficiary to supplement all other financial and service benefits for which the beneficiary may be eligible from an local, state, or federal agency, or through any private or public profit or non-profit source. It is only an ancillary intent of this Trust to provide for the continued conversation and enhancement of the funds constituting the Trust Estate, or for the ultimate benefit of the residuary beneficiaries.

All actions of the Trustee shall be directed toward carrying out this intention. The beneficiary shall not be considered to have access to the trust income or principal and my not, directly or through any legal representative of the beneficiary, compel the Trustee to pay funds from the Trust for any particular purposes. This Trust shall not be construed as a support trust and is established as a pure discretionary trust.

(6) Trust Funding. This trust will be funded with the beneficiary's portion of funds from Fidelity Life Association policy number 0100461011. Others may convey money or property to the Trustee on the same terms set forth herein, with the initial conveyance of trust principal to be known as the initial trust estate. The Trustee hereby agrees to hold that property and any other trust property on the terms set forth in this instrument. All property held by the Trustee, and all investments and reinvestment thereof, shall constitute the "Trust Estate." No public assistance benefits received by or for the beneficiary shall be commingled with or become part of the Trust Estate.

(7) Additions to Trust. With the Trustee's consent, any person may at any time or from time to time, whether by Court order, assignment, gift, transfer, beneficiary designation, deed, will, or otherwise, provide income or add to the principal of the Trust Estate, and any property so added shall be held, administered, and distributed under the terms of this Trust. The Trustee shall execute documents the Trustee may deem necessary to accept additional contributions to the Trust Estate and shall designate the additions on the business and accounting

records of the Trust. At the end of a calendar year, the Trustee shall designate any accumulated and undistributed income as principal, and may so designate such additions on amended schedules to this Trust.

(8) Distributions. The Trustee may, in the Trustee's sole and absolute discretion, distribute so much of the income, principal or both from the trust for the sole and exclusive benefit of the beneficiary in order to provide for reasonable expenditures for the "special needs and supplemental benefits" (as hereinafter defined) of the beneficiary. Any and all discretionary distributions shall be based primarily upon the beneficiary's best interest. The Trustee is prohibited from making distributions for the benefit of the beneficiary for basic support, maintenance, welfare and medical purposes provided under governmental assistance programs being received by the Beneficiary and/or to which the Beneficiary may be entitled. The Trustee's discretion in making distributions is limited to considering all other funds available to meet the beneficiary's needs, including governmental assistance. Although the intent of this trust is to preserve the beneficiary's eligibility for public benefits, the overriding goal of the trust is to ensure the beneficiary's good health, safety, and welfare.

In the Trustee's discretion, the Trustee may make distributions of trust assets to or for the benefit of the beneficiary to meet any need not fully met by public or private benefit programs. In its sole discretion, the Trustee may pay to or for the beneficiary's benefit any amount that does not exceed the state or federal regulations for maximum supplemental income. In the Trustee's sole discretion, the Trustee also may repay any part or all of any amounts owed to the Social Security Administration if an overpayment of benefits to the beneficiary has been made, either prior to or subsequent to establishment of this trust, to prevent a loss of SSI or other related government assistance by the beneficiary.

(9) Examples of "Special Needs and Supplemental Benefits". The supplemental non-support disbursements of income or principal that are appropriate for the Trustee to make from the trust, for the benefit of the beneficiary, to provide "Special Needs and Supplemental Benefits" shall include, but not be limited to, the following:

(a)     Medical, dental and diagnostic work, and treatment for which there are no provide or public funds otherwise available;

(b)     Medical procedures that are desirable for the beneficiary's well-being in the Trustee's discretion, even though they may not be necessary or lifesaving;

(c)     Supplemental nursing care, and rehabilitative services, for which there are no private or public funds otherwise available;

(d)     Differentials in cost between housing and shelter for shared and private rooms in institutional settings;

(e)     Reasonable expenditures for travel, companionship, cultural experiences for the beneficiary;

(f)     Expenditures for computers and assistive technologies;

(g)     Expenses of handicapping and equipping the beneficiary's home or other living quarters as may be reasonable and necessary in the Trustee's discretion to accommodate the beneficiary's disability;

(h)     Expenses of providing an appropriate vehicle based upon beneficiary's disability for transporting the beneficiary as may be reasonable or necessary;

(i)     Expense of providing state of the art equipment to assist the beneficiary with the beneficiary's living needs and to accommodate the beneficiary's disabilities where sufficient funds for such equipment are not available through public assistance programs or use of other private funds;

(j)     Rehabilitative equipment for the well-being of the beneficiary and any other nonsupport items as may be deemed appropriate for her, to provide medical, rehabilitative, educational, vocational, or recreational assistance in the discretion of the Trustee, and that private or public assistance programs may not or do not otherwise provide.

(10) Distribution Guidelines. In making any distribution, the Trustee shall (1) consider any other income or resources of the beneficiary known to the Trustee to be reasonably available; (2) consider the beneficiary's entitlement to benefits from any government agency, such as federal SSDI, SSI, food stamps, Medicare, Medicaid, welfare, and any other special purpose benefits for which the beneficiary may be or become eligible; (3) consider resource and income limitations of any such assistance program; (4) consider making expenditures so that the standard of living of the beneficiary will be comfortable and enjoyable; (5) not be obligated or compelled to make such payments; and (6) not be liable for any loss of benefits that may occur as a result of the Trustee's good faith actions in the administration of this trust.

(11) Prohibited Distributions of Trust Funds: The Trustee is prohibited from making any distribution to any governmental entity to replace or reimburse or supplant any public assistance benefit of any parish, state, federal or other governmental agency which has the legal responsibility to serve persons with disabilities which are the same or similar to the impairments of the beneficiary, and shall not distribute trust assets or income to or for the benefits of the beneficiary for such needs as will be provided for in the absence of this trust by governmental financial assistance and/or benefits and/or by any provider of services. The Trustee is prohibited from expending any of the trust principal or income for any property, services, benefits or medical expenditures where funds are otherwise available to the beneficiary from any governmental source or from any insurance carrier required to cover the beneficiary. In no event shall trust income or corpus be distributed in such a manner that any governmental financial assistance, which would be available to the beneficiary if this trust did not exist, in any way is reduced, diminished, altered, or denied. All terms of this trust, wherever they may appear, shall be interpreted to confirm this primary goal, mainly that governmental financial assistance which would otherwise be available to the beneficiary, if this trust did not exist, will in no way be reduced, diminished, altered, or denied.

(12) Facility of Payment: Subject to the distribution standards of Section (5), the Trustee may make payment for the benefit of the beneficiary directly to the tutor, curator, or guardian of the beneficiary, to any

member of the beneficiary's family, or by direct payment of any expense incurred or to be incurred for the beneficiary's benefit.

(13) Spendthrift Trust Provisions: This trust is declared to be a spendthrift trust and the beneficiary's interest in this trust shall be subject to the maximum spendthrift restrains permitted by Michigan law. The beneficiary shall have no legal authority to revoke or terminate the trust or to direct the use of the trust assets for his/her own support and maintenance.

(14) Irrevocability: This trust is and shall be irrevocable except that the trust may be amended or revoked, in whole or in part, by order of any court of competent jurisdiction over the trust for the limited purposes of maintaining an effective trustee and allowing the trust to continue to accomplish its stated purposes in the event that a change in the law, policy, interpretation of the law, or other circumstance will frustrate the trust process.

This trust shall terminate upon the death of the beneficiary. Notwithstanding the aforesaid, in the event that the principal beneficiary dies intestate and without descendants during the term of the trust or at its termination, his interest as principal beneficiary shall vest in Garrett Amstutz, who shall be deemed to be a substitute beneficiary. The interests of the substitute beneficiary shall not be deemed to vest in said beneficiary until such time as the State has been reimbursed up to the total amount of the funds remaining in the trust in an amount equal to the total medical assistance paid on behalf of the principal beneficiary under the State's plan as provided in Section (15) hereinbelow.

(15) Reimbursement to the State: Notwithstanding anything to the contrary contained herein, an in accordance with the requirements of 42 U.S.C. § 1396p, upon the death of the beneficiary, the State of Michigan will receive all amounts remaining in trust up to an amount equal to the total medical assistance paid on behalf of said beneficiary under the State's plan. In the event that more than one state has paid medical assistance on behalf of the beneficiary, then upon the death of the beneficiary, all states that have paid such medical assistance on behalf of the beneficiary shall be entitled to receive and share on a pro-rata basis all amounts remaining in the trust up to an amount equal

to the total medical assistance paid on behalf of said beneficiary under each state's plan.

(16) Fees and Expenses Chargeable to the Trust: All reasonable expenses in maintaining, administering, and defending this trust, including but not limited to reasonable attorney's fees, Trustee's fees, and costs shall be a proper charge to the trust.

(17) Applicable Law: The validity of this trust shall be determined by the laws, including valid regulations, of the United States and the State of Michigan.

(18) Good Faith: It is recognized that the Trustee is not licensed, nor skilled in the field of social sciences. The Trustee may seek the counsel and assistance of any guardian or curator of the beneficiary, or others, including any state and local agencies that are established to assist the disabled. The Trustee should use available resources to assist in the identifying programs that may be of social, financial, developmental or other assistance to the beneficiary. The Trustee shall not be in any event, however, be liable to the beneficiary or any other party for acts undertaken as trustee in good faith. The Trustee shall not be liable for failure to identify all programs or resources that may be available to the beneficiary because of his disabilities.

(19) Court Approval: Distributions may be made from the trust estate without prior court approval.

(20) Powers of Trustee: Except as otherwise provided herein, and subject to the terms, conditions, and limitations contained in this trust agreement, the Trustee may exercise all the powers granted under the Michigan Trust Code, as amended.

(21) Compensation: Any Trustee acting under the terms of this instrument shall be entitled to reasonable compensation for services provided in the handling and administration of the trust. The Trustee shall also be entitled to reimbursement for all expenses and costs incurred in the performance of the duties and responsibilities associated with the administration of the Trust in accordance with the terms herein.

(22) Prohibitions on Donation of Trust Property: No power enumerated in this instrument shall be construed to enable any person to purchase, exchange or otherwise deal with or dispose of the principal or income of this trust, for less than adequate and full consideration in money or monies' worth.

(23) Amendment of Trust Provisions: Notwithstanding the irrevocability of this trust, the Trustee(s) may amend this trust with the approval of a proper court to carry out the purpose of the trust as set forth in Section (4) in conformity with federal or state statutes or regulations enacted or promulgated in the future, including, but not limited to, 42 U.S.C. 1382b (the Foster Care Independence Act of 1999), or related statutes, and state statutes that are consistent with the provisions and purposes of the aforesaid Acts and/or amendments to such Acts.

(24) Proper Court for Trust: The "Proper Court" for this trust shall be the United States District Court for the Eastern District of Michigan;

**IT IS FURTHER ORDERED** that this Order shall be binding and enforceable against Defendant Logan Amstutz without the Court's appointment of a guardian *ad litem*;

**IT IS FURTHER ORDERED** that Plaintiff Fidelity Life Association is **DISMISSED WITH PREJUDICE** upon deposit of the Proceeds in accordance with this and any prior Order, and is fully relieved of and discharged from any and all liability with respect to payment of the Proceeds;

**IT IS FURTHER ORDERED** that Defendants Logan Amstutz and Paul D. Kolosci, as personal representative for the Estate of Janet L. Amstutz, are permanently enjoined from commencing any other actions or proceedings seeking

payment of the Proceeds or otherwise related to the accidental death insurance policy issued on the life of Janet L. Amstutz (Policy No. 0100461011).

**IT IS SO ORDERED.**

Dated: Jan. 3, 2017

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE